UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA ARZOLA, <br><br> Plaintiff, <br><br> v. <br><br> OSCAR ROBLES and CITY OF WOODLAKE, <br><br> Defendants. | No. 1:20-cv-00816-NONE-SKO <br><br> **FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT** <br><br> **[Doc. 3]** <br><br> **[THIRTY-DAY OBJECTION DEADLINE]** |

**I.      Procedural History**

On February 10, 2020, Plaintiff Alejandra Arzola filed a complaint alleging a violation of her civil rights pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments, as well as various state torts, in the Tulare County Superior Court.  (Doc. 1.)  On June 11, 2020, Defendants Oscar Robles ("Robles") and City of Woodlake ("City") removed the action to this Court pursuant to 28 U.S.C. § 1441, insofar as this Court has original jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331.  (Doc. 1.)

On June 15, 2020, Defendant City, joined by Defendant Robles, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) based on violation of the statute of limitations.  (Docs. 3, 4.)  On July 6, 2020, Plaintiff filed an opposition to the motion to dismiss.  (Doc. 8.)  Defendant City, joined by Defendant Robles, filed a reply on July 8, 2020.  (Docs. 9,

10.)  On January 26, 2021, the pending motion was referred to the undersigned for preparation of Findings and Recommendations.  (Doc. 15.)

## II.     Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment.  U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

In reviewing the complaint, the Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011).  "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"  Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

"[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law."  Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d

637, 638 (9th Cir.1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

### III. Factual Background

According to Plaintiff's complaint, on or about April 24, 2017, Plaintiff was at her residence located at 110 Manzanillo Street in Woodlake, California. Defendant Robles, a police officer employed by Defendant City of Woodlake, came to Plaintiff's residence to investigate and respond to an unrelated crime. During this incident and at all relevant times, Defendant Robles wore a uniform and a badge and carried and displayed a firearm. During the time he was at Plaintiff's residence, Defendant Robles sexually assaulted Plaintiff.

After the April 24, 2017 incident until August of 2017, Defendant Robles sexually assaulted Plaintiff on three more occasions. The sexual assaults included sexual touching, oral, and vaginal sex. Defendant Robles overtly and implicitly communicated to Plaintiff that she and those related to her would be arrested and jailed if she did not comply with his sexual demands.

Defendant Robles continued to intimidate and threaten Plaintiff up to and through August of 2018. On at least five occasions, Defendant Robles picked Plaintiff up in his squad car and drove her around Woodlake and made it clear to her that he could arrest her at any time if she did not continue to cooperate with him, or if she reported him. During these contacts, Defendant Robles sexually assaulted Plaintiff by rubbing her legs, thighs and genitals. Plaintiff states she finally avoided Defendant Robles when she entered a residential drug treatment program on August 23, 2018.

In mid-February of 2019, Plaintiff states Defendant Robles had someone go to Plaintiff's mother's home, where Plaintiff had previously lived. Plaintiff took this visit as an intimidating message indicating "I know where you live."

Defendant Robles has since been criminally charged in connection with the sexual assaults on Plaintiff. The Tulare Count Superior Court has found probable cause to believe Defendant Robles committed all of the charged violations.

(Doc. 1-1 at 5-6; 8 at 7-8.)

### IV. Timeliness of State Claims

The California Tort Claims Act (Cal. Gov. Code, § 810 et seq.) governs actions against

state public entities and public employees. The timeliness of such actions is governed by the specific statute of limitations set forth in the Government Code. Moore v. Twomey, 120 Cal.App.4th 910, 913–914 (2004); Martell v. Antelope Valley Hospital Medical Center, 67 Cal.App.4th 978, 981 (1998).

Under the Act, no person may sue a public entity or public employee for "money or damages" unless a timely written claim has been presented to and denied by the public entity. Cal. Gov. Code, § 945.4; Curtis T. v. County of Los Angeles, 123 Cal.App.4th 1405, 1415 (2004). A claim pertaining to a cause of action for personal injury must be filed within six months after the cause of action accrues. Cal. Gov. Code § 911.2; Curtis T., 123 Cal.App.4th at 1415. Under Cal. Gov. Code § 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity. However, in the event the injured party fails to file a claim within the six-month limitations period, an application for late claim relief may be made to the public entity. Cal. Gov. Code, § 911.4(a). The application for late claim relief must be made in a reasonable time, not to exceed one year from the accrual date. If the public entity denies the application, Cal. Gov. Code § 946.6 authorizes the injured party to petition the court for relief from the claim requirements. To merit relief from the time limitations, the injured party must petition the court -

> within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 **and** was denied or deemed denied pursuant to Section 911.6 **and** that one or more of the following is applicable:
>
> (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.
>
> (. . . .)
>
> (3) The person who sustained the alleged injury, damage, or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time.

Cal Gov. Code § 946.6(c) (emphasis added) (inapplicable sections deleted). Thus, the injured party has at most one year from accrual of the claim to apply for late claim relief.

In this case, Petitioner alleges several incidents which give rise to her causes of action.

4

She alleges Defendant Robles sexually assaulted her on at least three occasions between April 24, 2017, and August of 2017. (Doc. 8-1 at 2.) She also claims Defendant Robles thereafter threatened and intimidated her on at least five different occasions through July/early August of 2018. (Doc. 8-1 at 2.) She states that during these encounters, Defendant Robles would rub her legs, thighs, and genitals in a sexual manner. (Doc. 8-1 at 2.) Petitioner also claims that "Defendant Robles continued to intimidate [her] though in mid-February of 2019 by having someone go to [her] mother's home, where [she] had previously lived, which [she] and [her] mother took as a message that 'I know where you live.'" (Doc. 8-1 at 2.)

As noted above, Plaintiff's claim accrued, and thus the statute of limitations began to run, when she knew or had reason to know of the injury that is the basis of the action. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). Here, Plaintiff's various state claims accrued on each of the dates she was allegedly assaulted, battered, and falsely imprisoned. Given that the last incident where Defendant Robles allegedly assaulted, battered, and falsely imprisoned Plaintiff occurred in early August of 2018, Plaintiff had one year to file an application for late claim relief with the City.[1] It is undisputed that Plaintiff did not file an application until February 7, 2020—which is beyond the limitations period. As noted by Defendant, "[f]iling a late claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim relief petition. When the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief." Munoz v. California, 33 Cal.App.4th 1767, 1779 (1995). Accordingly, Plaintiff's state claims are untimely.

Plaintiff provides several reasons for the delay in pursuing relief. She claims she was in fear of Defendant Robles due to his position as a police officer and his connections to gang members. (Doc. 8-1 at 2.) She alleges she was a hardcore drug addict during the entire time she was contacted by Defendant Robles, and that she spent time in drug rehabilitation programs. (Doc. 8-1 at 3.) Plaintiff also claims she was homeless for much of the time and was unable due to her addiction and severe mental and emotional disability to handle her affairs. (Doc. 8-1 at 3.)

---

[1] Although Plaintiff claims an unidentified individual passed by her mother's home on one occasion in 2019, this incident does not form the basis for any of her claims, and is purely speculative.

As noted above, the limitations period may be statutorily tolled under Cal. Gov. Code § 946.6(c); however, as Defendant correctly notes, those tolling provisions can be considered only for petitions for late relief filed within one year of the date of accrual. Cal. Gov. Code § 946.6(c). Therefore, Plaintiff's reasons for delay cannot be considered per § 946.6(c), and the claims are barred by the limitations period.

Even if Plaintiff's reasons for delay could be considered, she fails to meet her evidentiary burden to toll the limitations period. It is unclear which provision of Cal. Gov. Code § 946.6(c) Plaintiff seeks to invoke: (1) whether her failure was due to mistake, inadvertence, surprise, or excusable neglect; or (2) whether she was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim, and by reason of that disability failed to present a claim during that time. Regardless of the provision, Plaintiff fails to satisfy her burden.

Plaintiff claims she was intimidated and threatened by Defendant not to report the allegations through July of 2018. As noted by Defendant, this reason disappeared when Defendant was arrested and taken into custody in August of 2018. Plaintiff did not pursue the claim relief for another 18 months. Plaintiff also claims that in mid-February of 2019, and individual allegedly appeared at Plaintiff's mother's home, which Plaintiff speculated was a message from Defendant from jail that "I know where you live." This speculative allegation is insufficient to support Plaintiff's claim.

If Plaintiff is alleging that Defendant's purported acts of intimidation and threats amounted to excusable neglect in Cal. Gov. Code § 946.6(c)(1), her claim fails. Under California law, "a petitioner may not successfully argue excusable neglect when he or she fails to take any action in pursuit of the claim within the six-month period. The claimant must, at a minimum, make a diligent effort to obtain legal counsel within six months after the accrual of the cause of action." Munoz v. State of California, 33 Cal. App. 4th 1767, 1778-79 (1995). There is no indication that Plaintiff contacted counsel within six months after Defendant was incarcerated.

Even if Plaintiff instead contends her drug addiction combined with Defendant's actions caused her to be physically and/or mentally disabled under Cal. Gov. Code § 946.6(c)(3), her

1 claim still fails.  California courts have recognized that "every claimant is likely to be suffering
2 from some degree of emotional upset, and it takes an exceptional showing for a claimant to
3 establish that his or her disability reasonably prevented the taking of necessary steps."  Barragan
4 v. Cty. of Los Angeles, 184 Cal. App. 4th 1373, 1385 (2010) (citing Bennett v. City of Los
5 Angeles, 12 Cal.App.3d 116, 121 & fn. 2).  Here, Plaintiff fails to show that her addiction and
6 Defendant's threats rendered her mentally disabled during the relevant time, and that these
7 reasons were the cause of her untimeliness.

In her opposition, Plaintiff also alleges the statute of limitations for sexual assaults was extended in 2020 to ten years when California enacted Cal. Code Civ. Proc. § 340.1.  The allegation lacks merit because § 340.1 by its own terms clearly applies only to claims of "childhood sexual assault."

**V.     Timeliness of Federal Claims**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

Generally, the applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e. when she knows or has reason to know of the injury that is the basis of his action, Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994).

As noted above, Plaintiff alleges that Defendant Robles sexually assaulted her on at least three occasions between April 24, 2017, and August of 2017.  (Doc. 8-1 at 2.)  Since Plaintiff did not file her complaint until February 7, 2020, her claims based on those incidents are time-barred.

1  Plaintiff further claims that Defendant Robles threatened and intimidated her on at least five
2  different occasions up through July/early August of 2018, and that during these encounters,
3  Robles sexually assaulted her. (Doc. 8-1 at 2.)  Claims based on incidents which occurred prior to
4  February of 2018 are time-barred; however, claims based on those incidents which occurred after
5  February of 2018 fall within the limitations period.  Plaintiff does not specify the dates of those
6  five incidents; therefore, the Court cannot determine which, if any, incidents are timely.

7        Plaintiff appears to contend that because the latest incident was within the limitations
8  period, all of the incidents should be considered timely as one continuing wrong.  The continuing
9  wrong doctrine applies to "'repeated instances or continuing acts of the same nature.'"  Nesovic
10 v. United States, 71 F.3d 776, 778 (1995) (quoting Sisseton-Wahpeton Sioux Tribe v. United
11 States, 895 F.2d 592, 597 (9th Cir.), *cert. denied*, 498 U.S. 824 (1990)).  However, "the statute of
12 limitations runs separately from *each* discrete act," RK Ventures, Inc. v. City of Seattle, 307 F.3d
13 1045, 1061 (9th Cir. 2002) (emphasis added), and "'discrete . . . acts are not actionable if time
14 barred, even when they are related to acts alleged in timely filed charges,'" id. (quoting Nat'l R.R.
15 Passenger Corp. v. Morgan, 536 U.S. 101, 133 (2002)); see also Carpinteria Valley Farms, Ltd. v.
16 County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) (Morgan applies to section 1983
17 claims).  "[M]ere continuing *impact* from past violations is not actionable."  Knox v. Davis, 260
18 F.3d 1009, 1013 (9th Cir. 2001) (internal quotations and citation omitted) (emphasis in original).

19       Thus, while many of the instances Plaintiff complains of occurred more than two years
20 prior to the filing of this action (April 24, 2017 to February, 2018) and are therefore time-barred,
21 Plaintiff's claims based on events that occurred from February, 2018 to August, 2018, are not
22 time-barred.  Plaintiff should be directed to amend her complaint to include only those claims
23 based on incidents which occurred after February of 2018.

24       **RECOMMENDATION**

25     For the foregoing reasons, the Court RECOMMENDS that Defendants' motion to dismiss
26 be GRANTED IN PART AND DENIED IN PART, and that Plaintiff be DIRECTED to amend
27 her complaint to include only timely claims.

28       This Findings and Recommendation is submitted to the United States District Court Judge

8

assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 2, 2021**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE